UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DIMITRI SCHISCHIPTOROFF,

                Plaintiff,

   - against -

P.O. STEFANIE CARABALLO, Tax Registration
No. 938613, P.O. KATHY PAPPAS, Shield
No. 30741, P.O. "JOHN DOE" and
THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------X

CV 12-4785

COMPLAINT AND
JURY TRIAL DEMAND

GERSHON, J.
SCANLON, M.J.

Plaintiff, DIMITRI SCHISCHIPTOROFF, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1. This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3. Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4. Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

5. Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, DIMITRI SCHISCHIPTOROFF, was and is a natural person resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. STEFANIE CARABALLO, Tax Registration No. 938613 (hereinafter "CARABALLO") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. KATHY PAPPAS, Shield No. 30741 (hereinafter "PAPPAS") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. "JOHN DOE" was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

12. The individual defendants are sued in their individual capacities.

13. On or about July 15, 2011, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiffs served upon the Office of the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claim arose.

14. More than thirty (30) days have elapsed since the aforesaid verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

15. This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "16" hereinabove as if more fully set forth at length herein.

17. On or about June 28, 2011, at approximately 11:30 A.M., plaintiff was stopped by several police officers at or near the corner of 69th Street and 50th Avenue in the County of Queens, City and State of New York as a result of a physical altercation plaintiff had had with several other persons a few moments earlier.

18. As a result of the aforementioned altercation, plaintiff had cuts on his lip.

19. Plaintiff was placed under arrest by defendant CARABALLO.

20. Several police officers, including defendants CARABALLO, PAPPAS and DOE attempted to have plaintiff enter an ambulance.

21. Plaintiff stated that he did not want to enter the aforementioned ambulance.

22. As plaintiff was engaged in this back and forth discussion with the aforementioned officers, his cell phone rang.

23. As plaintiff went to answer his cell phone, defendant DOE, who is described as male, black and very tall, intentionally tackled plaintiff with such force that plaintiff's left arm struck a portion of the ambulance and plaintiff was thrown to the floor of the ambulance.

24. Defendants CARABALLO and PAPPAS made no attempt whatsoever to prevent defendant DOE from assaulting plaintiff as hereinabove described.

25. As a result of the aforementioned force used against him by defendant DOE, plaintiff suffered a comminuted fracture and dislocation of bones in his left arm.

26. The individual defendants violated plaintiff's right, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, to be free from the use of excessive force in that, acting under color of state law, without any cause or provocation whatsoever, defendant DOE severely battered plaintiff, thereby causing him serious injury, and defendants CARABALLO and PAPPAS failed to take any steps to prevent defendant DOE from battering plaintiff.

27. Because of the aforementioned acts committed against him by the individual defendants hereto, while they were acting under color of state law, plaintiff suffered a deprivation of his right to be free from the use of excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States, and a deprivation of his right to the due process of law, guaranteed to him by the fourteenth amendment to the Constitution of the United States, and, as a result, suffered, and continues to suffer, serious, severe and permanent physical injuries; has undergone, and will continue to undergo, treatment for his injuries; and has incurred, and will continue to incur, medical expenses.

28.  By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT DOE
## AND THE CITY OF NEW YORK
### (Battery)

29.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" hereinabove as if more fully set forth at length herein.

30.  On or about June 28, 2011, at approximately 11:30 A.M., at or near the corner of 69th Street and 50th Avenue in the County of Queens, City and State of New York, defendant DOE offensively touched plaintiff by intentionally tackling him with such force as to cause plaintiff to violently hit against a motor vehicle, thereby causing severe injury to plaintiff's left arm and elbow.

31.  At the aforementioned time and place, defendant DOE was acting within the scope of his employment by defendant CITY OF NEW YORK.

32.  By reason of the aforementioned battery committed against him by defendant DOE, while he was acting within the scope of his employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, severe and permanent physical injuries; has undergone, and will continue to undergo, treatment for his injuries; and has incurred, and will continue to incur, medical expenses.

33.  As a result of the battery committed against him by defendant DOE, while he was acting within the scope of his employment by defendant CITY OF NEW YORK,

plaintiff has been damaged in the sum of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars in punitive damages against defendant DOE.

WHEREFORE, plaintiff, DIMITRI SCHISCHIPTOROFF, demands judgment against defendants, P.O. STEFANIE CARABALLO, Tax Registration No. 938613, P.O. KATHY PAPPAS, Shield No. 30741, P.O. "JOHN DOE" and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants;

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against defendant DOE.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      September 24, 2012

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2211